# Exhibit A

12/3/2020 3:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48616575
By: Maria Rodriguez
Filed: 12/3/2020 3:53 PM

CAUSE NO. _____

| | | |
|---|---|---|
| CECILIA GONZALEZ, INDIVIDUALLY, AND A/N/F OF S.F, A MINOR | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, TEXAS |
| SRC REAL ESTATE (TX), LLC, AND SEARS, ROEBUCK AND CO. | § § § | \_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, CECILIA GONZALEZ, INDIVIDUALLY, AND A/N/F OF SEBASTIAN FLORES, A MINOR, ("Plaintiff"), complaining of SRC REAL ESTATE (TX), LLC, ("Defendant SRC"), and SEARS, ROEBUCK AND CO. ("Defendant SEARS") (collectively "Defendants"), and for cause of action would respectfully show:

**I.**

Plaintiff intends to conduct discovery under Level II, pursuant to 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.**

Plaintiff, CECILIA GONZALEZ, INDIVIDUALLY AND A/N/F OF SEBASTIAN FLORES, A MINOR is a resident of Harris County, Texas. Plaintiff's last three numbers of his Texas driver's license number are XXX and the last three numbers of his social security number are XXX. S.F. is the minor child of CECILIA GONZALEZ.

Defendant, SRC REAL ESTATE (TX), LLC, is a foreign limited liability company conducting business in Harris County, Texas. Defendant may be served with process by serving its registered agent, Secretary of State of the State of Texas at 1019 Brazos Street, Austin, Texas,

78711 in Travis County.

Notice to the Defendant, SRC REAL ESTATE (TX), LLC, of service of process on the Secretary of State may be made, pursuant to §17.045 of the Texas Civil Practice and Remedies Code, by mailing a copy of the process or notice by registered mail or certified mail, return receipt requested to the home office of the Defendant, SRC REAL ESTATE (TX), LLC, at 3333 Beverly Road, Hoffman Estates, IL 60179.

Defendant, SEARS, ROEBUCK AND CO., is a foreign for-profit corporation conducting business in Harris County, Texas. Defendant may be served with process by serving its registered agent, CT Corp System, 1999 Bryan St. Suite 900, Dallas, Texas 75201-3136.

**III.**

Damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of over $100,000.00 but not more than $200,000.00.

This Court has jurisdiction and venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) in that all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

**IV.**

On or about December 5, 2018, Plaintiff, Sebastian Flores, a Minor, was an invitee at Sears located at 7925 FM 1960 Rd. W. Houston, Texas 77070. This facility was owned, operated, managed, and/or maintained by Defendants. On the occasion in question, Plaintiff was riding an escalator located in Defendants' store, when suddenly and without warning, Plaintiff's hand was trapped in the escalator. The escalator posed an unreasonable risk of harm to Plaintiff and others. Defendant had actual knowledge of the danger. Plaintiff did not have actual knowledge of the

danger posed by the escalator. The escalator where Plaintiff was injured posed an unreasonable risk and Defendants failed to warn Plaintiff and other invitees of the danger.

This unreasonably dangerous condition proximately caused Plaintiff, Sebastian Flores', a Minor, injuries and damages more specifically described herein.

## V.

Plaintiff would show that the incident in question and his resulting injuries and damages were brought about and caused due to the negligence and carelessness of Defendants through their own actions and/or the actions/omissions of one or more of its agents, servants, and/or employees, in some of the following ways, to-wit:

1. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;
2. In creating and/or failing to correct the unreasonably dangerous condition caused by the escalator in question;
3. In failing to warn invitees, including the Plaintiff of the dangerous condition and the location of the dangerous condition;
4. In failing to properly inspect the premises in question to discover the unreasonably dangerous condition at issue;
5. In failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;
6. In failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe; and
7. The condition and location of the escalator posed an unreasonable risk of harm to invitees of Defendants of which Defendants knew, or reasonably should have known.

The above acts or omissions by Defendants, singularly or collectively, constituted negligence and proximately caused Plaintiff injuries and damages.

## VI.

As a direct and proximate result of the aforementioned acts and omissions of negligence by the Defendants, Plaintiff sustained the following damages for which he is legally entitled to recover:

1. Necessary and reasonable medical expenses, past and future;
2. Physical pain and mental anguish, past and future;
3. Physical impairment, past and future;
4. Loss of income and reduced wage-earning capacity, past and future;
5. Disfigurement, past and future; and
6. Pre-judgment interest and costs of Court.

If it be found that Plaintiff was suffering from any predispositions, conditions or bodily infirmities prior to the date of the injury, Plaintiff would show unto the Court and jury that the same was neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on such occasion, and the effects thereof, the same had been incited, accelerated, and aggravated to such an extent that they have now become painful and disabling as described herein.

**VII.**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

**VIII.**

Please take notice that, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, for purposes of self-authentication, any and all documents produced by Defendants to Plaintiff in response to written discovery will be used against Defendant at any pretrial proceeding or at trial.

**IX.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing hereof, Defendants be cited to appear and answer herein and that upon final hearing hereof he is granted judgment against the Defendants for an amount in excess of the minimum jurisdictional limits of this court and for costs and for such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**CRIM & VILLALPANDO, PC**

By: /s/ *Nicholas L. Ware*

Nicholas L. Ware
State Bar No. 24098576
2122 E Governors Circle
Houston, Texas 77092
(713) 807-7800
(713) 807-8434 Fax
nicholas@cvinjurylawyers.com

**ATTORNEY FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk