United States District Court
Southern District of Texas
**ENTERED**
April 14, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CECILIA GONZALEZ, INDIVIDUALLY, AND A/N/F OF S.F., A MINOR<br><br>Plaintiff,<br><br>VS.<br><br>SRC REAL ESTATE (TX), LLC, AND SEARS, ROEBUCK AND CO.<br><br>Defendants. | CIVIL ACTION NO. 4:21-cv-00069 |

## **ORDER**

Pending before the Court is Defendant Sears, Roebuck and Co.'s ("Sears") Answer and Motion to Dismiss. (Doc. No. 12).

Also before the Court is Defendant SRC Real Estate (TX), LLC's ("SRC") Answer and Motion to Dismiss. (Doc. No. 13). Plaintiffs responded

Plaintiffs Cecilia Gonzalez, individually, and A/N/F of S.F., a minor ("Plaintiffs") filed a single response in opposition to both motions. (Doc. No. 16).

After considering the briefing and applicable law, the Court denies both motions.

**I.     Legal Standard**

A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Handy v. United Airlines, Inc.*, CV H-20-3751, 2021 WL 639995, at *2 (S.D. Tex. Feb. 18, 2021) (*quoting Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014)). When the Court's subject matter jurisdiction is

challenged, the party asserting jurisdiction bears the burden of establishing it. *See id.*; *Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *See Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007)).

### B. Rule 12(b)(6)

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm*

*Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### C. Rule 12(e)

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

## II.     Analysis

In each of their Answers, both Sears and SRC (collectively, "Defendants") included a section entitled "Rule 12(b) Motions." (*See* Doc. Nos. 12, 13). Under this section, both Sears and SRC assert that Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. (Doc. No. 12 at ¶ 1; Doc. No. 13 at ¶ 2). Additionally, pursuant to Rule 12(e), both Sears and SRC assert that Plaintiff's Amended Complaint "is so vague and ambiguous" that it prevents [Defendants] from reasonably preparing a response." (Doc. No. 12 at ¶ 2; Doc. No. 13 at ¶ 3). SRC also asserts that Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(1) for failure to establish that this Court has personal jurisdiction over SRC.

Furthermore, each Defendant stated that they would "submit a formal motion with brief in support of this pleading." (Doc. No. 12 at ¶¶ 1–2; Doc. No. 13 at ¶¶ 1–3).

Each Answer and Motion to Dismiss was filed over six months ago on September 24, 2021. As of the date of this Order, neither Sears nor SRC has followed through on their promises and submitted a formal motion with brief in support of their pleadings to this Court.

3

Therefore, because neither Sears nor SRC has filed a formal motion to dismiss with briefing in support of their pleadings as they represented they would, the Court denies each motion.

### III. Conclusion

For the foregoing reasons, the Court DENIES Sears' Motion to Dismiss. (Doc No. 12). The Court DENIES SRC's Motion to Dismiss. (Doc. No. 13).

Signed at Houston, Texas, this 14th day of April, 2022.

Andrew S. Hanen
United States District Judge